The Case.
The Testor. being possessed of a great Estate Real and Personal and having four Children made his last Will and Testament which is dated the 20th of August 1721. wherein he divides his Real Estate among his three Sons and gives his Personal Estate after his Wife’s share was deducted (which he Said wou’d be |-) and 100^". Stg. to his Daughter, to be divided between his Sons, Then takes notice that his Wife was with Child and makes Provision for it in this manner “ I do now hereby Order, Will “ and Devise that if such Child be born and do live to the age “ of 21. that then if it be a female, there shall be paid to such “ female 100^. Stg., and if it be a Male Child, when it comes to “ age, I give it 2000;£. Stg. and these several Sums or one of “ them out of the Bulk of my Estate.”
The 21st of August he makes a Codicil giving his Daughter 200^ more and some other small Legacies and Explaining a part of his Will (which has no Relation to this Cause) “ After “ his Debts and Legacies paid and the Wifes Lawful Share “ deducted, he gives all his Money in England and his Personal “ Estate to be divided between his 3 Sons.
The Testator died, his Wife was after his Death delivered of a ‘ Daughter, who lived but two Months, She afterwards married Doctor Nicholas, And now they Exhibit a Bill ag’t the Deft, who is the Surviving Exor, for her Distributive share of this 1000^. Legacy, To which the Deft, has Demurred, And I think upon his State of the Case the Bill ought to be Dismissed, for I take it clearly, that this Legacy vested in the Posthumous Child and Consequently Lapsed upon her death from the most liberal Construction that can be made of the Testators words
His Intent is very Apparent from the whole Scope of the Will, *R103 There a plain Declaration, that he Intended (in the first part of it) no more to his Wife than what she cou’d Claim by the Law of this Colony, And that the whole residue, after the Legacy to his Daughter and his Debts were paid shou’d be divided between his three Sons. This I say is his clear Intent before he thought of his Wife being with Child When he called that to mind he proceeded in a manner very Suitable to his former design and makes a Provision for the after born Child by words penned with the utmost Caution So as not to prejudice his 3 Sons in Case the after born Child shou’d not live long enough to want the Portion Intended for it His words are “ If such “ Child be born and live to the age of 21 Years, then shall be “ paid to it so much [210] Carefully avoiding any word of giving or vesting the Legacy in Case the Contingency of her living to 21. never happened.
Again, when he comes to Explain his Will the next Day he gives the whole overplus of his Money in England and his Personal Estate to his 3 Sons and there can be no doubt of his Intending the Sons shou’d have the sole Benefit of the Deaths that might happen in his Family When he expressly provides that if his Daughter Elizabeth shou’d die before she came of age or was married that her Legacy shou’d go to the Children or the Survivor of them, So that taking the whole Will in one View it is apparent he never Intended that the latter Clause shou’d make any difference as to the Sons in Case the after born Child shou’d not live to receive its Portion
Nor can the words be construed in any manner to favour the Pits. Claim without wresting them from the Common and natural meaning, If a Man says “ If such a thing, Or when such a Thing happens, I give you so much money, if the thing never happens nothing is given but all is void, And to Construe such a Gift absolute & free from the Condition can’t possibly be with’t rejecting the greatest part of the Sentence But such a Construction is now laboured & I Suppose will be urged upon the Authority of some Case or other which I never heard of. And indeed there must be something Extraordinary to prevail against Common Sense Or set aside the plain Signification of words I can find no Precedent whereon the Pit. can fix his foundation for this Claim, but all the Books are ag’t him
In the Civil Law it is a settled point, That when a Legacy is Conditional it is not due, till the Condition is prformed, So *R104 when a Legacy is given at a time which may not happen, as when he shall Marry, or when he shall attain to such an age, if the Legatee dies before that time his Ex’ors. shall have no benefit of the Legacy.
But if a Legacy be given absolutely and a time be Limitted for the payment of it, tho’ the Legatee die before, it shall go to his Ex’ors. or Adm’rs Swinb. 462. 463. 464.
This Distinction proceeded from a willingness in the Judges in Civil Law to favour a particular Legatee against the Residuary Legatee who takes away the whole Surplus of the prsonal Estate rather than from the reason of the Thing, for the difference [211] between one Case and the other seems too nice for the generality of Mankind to think on in making their last "Wills, or even Conceive, But it has been often said by very Eminent Men in the Common Law, that if that distinction had not ruled the Judges in so many Cases, it had not so much weight in it as to intitle the Ex’or. or Adm’r to the Legacy given in either these manners Because it is most Natural to suppose the Tes’tors. Intent to be, that the Legacy shou’d be sunk for the benefit of the universal Legatee when the particular Legatee died before he was Intitled to receive it rather than Devolve to the Ex’or. or Adm’r of the particular Legatee who may be a mere Stranger to the Testator and might not be designed by him to be a Sharer in his Estate. But the Distinction being Settled among the Judges of the Ecclesiastical Courts and a multitude of Cases being determined Accordingly When the Court of Chancery came to have a Concurrent Jurisdiction with them in these matters, The Lord Chancellors conformed themselves to their Rules that there might be two Jurisdictions determining the same point different ways, which wou’d be very Inconvenient to the Subject. Therefore we see in all the Chancery Books in Cases of Legacies, of which the Ecclesiastical Courts might have Cognizance this distinction observed, and wontobj.of, Excheq’r seems to think there is some probable Colour of Reason in it 241.
In Coleberrys Case. 2 Vent. 342. If Money be bequeathed to one at 21. or at Day of Marriage with Interest and the Legatee dies before it shall go to the Ex’or. because paying of Interest shews his Intent that it shou’d vest im’ediately So if Money be given to one to be paid at the age of 21. Years If the party die before, it shall go to his Ex’ors.
But if it be given to one at his age of 21. and he dies before *R105 the Money is lost? Decreed by Lord Chancellor Nottingham, The same Case is Reported 2 Cha. Rep. 155. and is thus Stated, William Coleberry at his Death gave. 2000^". to the Deft. Item to the Daughter of O. Coleberry when she shall attain her age of 21. Years or be married which shou’d first happen 500;£. to be paid her with Interest, The Daughter died under age and unmarried. The father Sued and had a Decree for the Legacy and Interest, The Ex’or. brought a Bill of review And the difference was allowed by the Lord Keeper between a Devise to one to be paid at her age of 21. or Marr’e, there it is due tho’ she die before, and where it is Devised If, or when she [212] Comes of age, Tho’ the directing the payment of Interest made the Difficulty, yet the Lord Keeper once pronounced the Reversal of the Decree
The Case of Smell and Dee, 6. Anna. Salk. 415. is a Stronger Case Where the Tes’tor. gave 100,£. a piece to the Children of I. S. at the end of 10 Years after his decease, and some of them died before, The Lord Chancellor Cowper Decreed it a Lapsed Legacy, Because wherever the time is annexed to the Legacy and not to the payment, it shall be so Tho S’r Tho’s Powys distinguished very rightly I think that there was a great difference between this Case and a Devise to one at 21. Years of age Because it is a Contingency whether he attain that age; but the Expiration of the 10 Years is inevitable
So that where a Sum of Money is given to be paid at a Certain time it is Construed to be in presenti, Tho’ not payable till a future Day, and in that Case, if the Party die before the time it shall go to the Ex’or.
Which the Lord Keeper in the Case of the Lady & Lord Pawlet 1. Vern. 321. 1685. says is a Settled point in the Law But when it is given When a Person comes of age, or if he comes of age it is otherwise Except where Interest is to be paid in the mean time and for that reason it shall vest immediately in that Case As in the Case of Cave and Cave 2. Vern. 508. Stapleton and Chulé ib. 673. Collins and Metcalf 1. Vern. 462. So Decreed upon the Circumstance of carrying Interest
But when a Legacy is given out of Land at a certain time or to be paid at a certain time and the Legatee dies before the time in either Case the Legacy shall be sunk for the benefit of the Heir Because there the Civil Law has nothing to do This appears in the Case of the Lord and Lady Pawlet above, and is *R106 Decreed in the following Cases, Yates vs Phettyplace 2. Vern. 416. The Tes’tor. having Mortgaged his Lands Directs some Leasehold and Personal Estate to be applyed for the payment of his Debts and Legacies And if his Personal Estate shon’d be applied 'to pay off his Mortgage the same shou’d be kept on foot to make good his Dáughters Portion, And thereby Devised to his Daughter 3000A"- to be paid at 21. or Marriage with Content
[213] The Daughter died at 6 years old, her Mother Took out Adm’on and sued for the 3000^.' But the Lord Keeper Wright Dismissed the Bill and Declared that the Devise being at '21. or Marriage, with Consent, it did not vest, but was Contingent And say’d that a Devise at 21. or to be paid at 21. was the same thing, and the Intention the same and the Distinction between the two Cases taken by Swinburn and Godolphin, he looked, upon with’t a difference and that the Authorities they Cited did not come up to what they laid down.
[1]S. P. is so determined by the Master of the Rolls in the Case of Smith and Smith 2. Vern. 92. and the Case of Carter & Bletso ib. 617. 1708. Where the Tes’tor directed that his Sons shou’d pay out of his Lands 200A- to his Daughter at the age of 21. and she died before The Lord Chancel’r Cowper Decreed that there was no vesting Clause in the Will, and the Direction to' pay at 21. vests nothing and she died before, it never arises
In the Case of Beatman and Roach 11. God. 1. mi. [?] Mod. Cases in Equity 106. The Lord Chancellor sayes it is a standing Rule of the Court, That where a Legacy is given out of Lands there is no difference Whether it be given at a Certain time or to be paid at a certain time, for in both Cases, if the Party die before, the Legacy is lost, but it is otherwise when the Legacy is to be paid out of the Personal Estate, Yet one wou’d think that as the Testators Intention is to govern in both Cases, the same words ought always to be Construed to express the same Intent
But the reason for it it England seems to be good in respect to the Jurisdictions of the Spiritual Courts and the Court of Chancery Because it wou’d be very Inconvenient to have the same point decided Contrarily in the respective Courts, And that this is the Reason, appears very clearly from the Comment of a late Author in his Abridgment of the Chancery Cases 295.
My observation upon this is, That the reason does not hold *R107 in this Countery to keep up a groundless Distinction, Tho’ in the pr’sent Case it is needless to Consider that matter because ither way it is a Clear Case against the Pit. So that it is very hard for me to conceive how the Pits. Case is to be distinguished from all others. If he found his Pretentions upon the word (paid) being made use of, that can avail little if the whole [214] Will be taken together. The Case in Vern. the 2. 617. above mentioned is full answer to every thing that can be say’d upon that word And the Case of Onslow and South Reported in the Abridgment of Cha. Cases. 295. is as strong to the same purpose The Tes’tor. being possessed of a Personal Estate part in Jamaica and part in England made Ex’ors. in Jamaica and in England, and Devised to I. S. now under the Custody of R. D. the Sum of 2000,£. at the age of 21. to be paid by my Ex’ors. in England
The Legatee died before 21. and the Lord Chancellor adjudged it a Lapsed Legacy If the Intent and the words of the Testor. and the Rule of Law in the like Case did not so strongly Concur ag’t the Pits. Claim it might be worth while to Consider by what rule of Law or Equity he demands a Distributive share of this 1000^. before the time that the Child wou’d have been of age, had it lived which wou’d have happened in the Year 1742. for if it were a vested Legacy he is 9 years too soon with his Suit The Testors Intent is express that Legacy shoud not be paid before the Child attained 21. Years of age, and her Representative cannot have another kind of right than she had That wou’d be Contrary to the rights of representation as it is directly against the words and Intent of the Will
Indeed if a Legacy be given to one to be paid at 21. and if he dies before, to another, and the first Legatee dies before, the first shall have the money immediately because the words of the Will may be so construed But there is no Instance to be given of an Ex’or. or Adm’r recovering a Legacy before the time the Person whom they Represent cou’d have recovered it
1. Vern. 199. Annonimus The Case of Cloberry & Sampson Cited where a Legacy was Devised to a Child, payable when 21. & he dies before, his Adm’r shall have it, but shall wait for it until the Child shou’d have been of age, Decreed by Lord Nottingham and Confirmed in the House of Lords But if the Legacy is payable with Interest the Adm’r shall have it presently ibid.
So in the Case of Pupworth and Moor. 2. Vern. 283. Where a *R108 Legacy was Devised to I. S. to be paid at 23. and if he die before to A. B. [215] and I. S. died an Infant A. B. shall have it immediately because the Words and Intent of the Will seem to be so
And the difference is now settled in the Court of Chancery My Lord King Decreed it so in the Case of Landy and William Reported in Abridgm’t of Cha. Cases 299. viz. Where such a Legacy is given over the Party shall have it immediately, but the Ex’r or Adm’r must wait till the Legatee wou’d have been of age A’o 1728.
But this Devise being to a Child in Ventre Sa mere admits of a farther Distinction, it is not good, but as a Contingent Executory Devise and therefore cannot be construed to be a Debt in presentí (the Child being born two Months after her Fathers death) And then the Condition, if she lives to 21. must of necessity prevent its vesting till the Contingency was past
So upon the whole matter it is clear that the Bill ought to be dismissed And it was Dismissed by
Lee ag’t Randolph
Tayloe Custis
Digges Byrd
Robinson
Blair
The Governor
And Col’o Grymes Declared he was of Opinion with the Majority of the Court
Hopkins’s Argument for the Pit. was very Trifling and incoherent Insisting upon Lord Keeper Wrights opinion in the Case of Yates and Phettyplace to be expressly for him, against the plain Sense of his Words All that he say’d worth answering was, That if the Posthumous Child had married under age and had Children & died before she attained the age of 21. It wou’d be very hard to Construe the Children out of the Legacy and the Construction now must be the same But it was Answered there was no necessity for her marrying before 21. and if she had, her Children must have Submitted to the misfortune

l take S. P. to indicate Same Principle. — W. W. S.]